IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Joseph Clayton Russell,<br><br>                         Plaintiff,<br><br>          Vs.<br><br>Kevin Hogan; Judge Mildred Metts; Judge Daniel Coble; Byron Gibson; April Sampson; Curtis Pauling; Dan Goldberg; Charles Delaney; McBride; J. McGlothin; Wiley; Other Unknown Agents and Officers of the State of South Carolina, SLED, BPS, and Richland County,<br><br>                         Defendants. | Civil Action No. 3:25-cv-12954-CMC<br><br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, alleging violations of his Constitutional rights. Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On February 24, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. Dkt. No. 21. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff timely filed objections. Dkt. No. 23.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection

is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed as frivolous and based on sovereign citizen theories, therefore the federal court lacks jurisdiction over the Complaint. Dkt. No. 21 at 3-4 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The Report also recommends Plaintiff's motion for temporary restraining order (Dkt. No. 6) be terminated without consideration of the merits. *Id.* at 4.

Plaintiff objects to the Report, contending his Complaint should not be jurisdictionally barred because it is not wholly insubstantial, obviously frivolous, or plainly devoid of merit. Dkt. No. 23 at 1. He asserts he is bringing federal claims under 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights, including unlawful seizure of personal property ad deprivations of due process. *Id.* at 2. Ultimately, he requests the opportunity to amend his

complaint. *Id.* at 7.[1] However, Plaintiff did not object to the Report's recommendation of dismissal of his motion for temporary restraining order.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court will defer ruling on the Report[2] and allow Plaintiff an opportunity to amend his Complaint. Plaintiff shall take note to avoid sovereign citizen theories and to provide a short and plain statement of his claim(s), stating what each purported Defendant did and what law was violated. Plaintiff's Amended Complaint is due no later than 30 days from the entry of this Order. Failure to file an Amended Complaint will subject Plaintiff's original Complaint to dismissal for the reasons stated in the Report.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 19, 2026

---

[1] Plaintiff also requested a stay of 45 days to "allow completion of the records reconciliation process." *Id.* It has been approximately 8 weeks since Plaintiff made this request, and so it appears to the court a formal stay is likely unnecessary at this point.

[2] The court defers ruling except on the recommendation that Plaintiff's motion for temporary restraining order be dismissed. Plaintiff has not objected to this recommendation and thus the Report is reviewed for clear error only. Having reviewed the motion, and finding no clear error, the court adopts this recommendation and dismisses the motion for temporary restraining order (Dkt. No. 6).